UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE METAL POLISHERS LOCAL 8A–28A FUNDS,

                Plaintiffs,

-against-

PREMIER METAL & MARBLE, INC.,

                Defendant.

Index No.:

COMPLAINT

---

Plaintiffs, Trustees of the Metal Polishers Local 8A-28A Funds (hereinafter referred to as the "Fund") by their attorneys Barnes, Iaccarino & Shepherd LLP allege as follows:

## JURISDICTION AND VENUE

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Fund in their fiduciary capacities for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor

contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions and/or reports to the Plaintiffs.

## PARTIES

5. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Trustees of the Metal Polishers Local 8A-28A Funds (hereinafter referred to as the "Union") and various Employers pursuant to the terms of the collective bargaining agreements and in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Fund is an employee benefit plan within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Fund and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Fund provides fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Fund pursuant to its Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the Employer and the Union. The Plaintiffs' Trustees as fiduciaries of the Fund are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. that concern the protection of employee benefit rights.

7. The Fund's principal office is located and administered at 36-16/18 33rd Street, Long Island City, NY 11106, in the County of Queens.

8. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in

Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

9. The Union maintains an office and is administered at 36-16/18 33rd Street, Long Island City, NY 11106, in the County of Queens.

10. Upon information and belief, the Defendant, Premier Metal & Marble, Inc., (hereinafter referred to as "the Employer") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

11. Upon information and belief, the Employer is a for-profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 50-19 69th Place, Woodside, NY 11377, in the County of Queens.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

12. The Employer executed a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union by virtue of membership in an Employer Association.

13. The C.B.A. requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A.

14. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the C.B.A., there became due and owing to the Fund from the Employer contribution reports and benefit contributions.

15. The Employer has failed and refused to remit to the Fund those reports and benefit funds contributions due and owing under the C.B.A. in the minimum amount of $6,532.91 for work performed for the period January 1, 2013 through to and including December 31, 2015.

16. These amounts described in Paragraph 15 above are due and owing to the Funds and Union are based upon an audit that was conducted by the Funds' Office.

17. The Employer's failure, refusal or neglect to remit the proper contributions and/or reports to the Plaintiffs constitutes a violation of the C.B.A. between the Employer and the Union wherein the Fund is a third-party beneficiary.

18. Pursuant to the C.B.A. upon the Employer's failure to pay contributions as they become due, the Employer is obligated to the pay the following: the additional amount of interest, liquidated damages, auditors' fees, attorneys' fees, court costs and disbursements.

19. Accordingly, the Employer is liable to Plaintiffs in the minimum amount of $6,532.91 in unpaid benefit contributions, plus interest, liquidated damages, auditors' fees, attorneys' fees, court costs and disbursements.

## AS AND FOR A SECOND CLAIM FOR RELIEF

20. Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" through "19" of this Complaint as if fully set forth at length herein.

21. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the C.B.A.

22. The Employer has failed to pay or timely pay the benefit contributions and/or submit the contribution reports to Plaintiffs owed as a result of work performed by individual employees of the Employer. Such failure to remit timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

23. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff fund the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal amount due, together with reasonable attorneys' fees and costs and disbursements incurred in the action.

24. The failure to pay has injured the Fund by delaying the investment of contributions and causing unnecessary administrative costs for the Fund and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

25. Accordingly, the Employer is liable to Plaintiffs under the C.B.A. concerning the payment of benefit contributions and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

26. Accordingly, the Employer is liable to the Fund in the minimum amount of $6,532.91 in unpaid contributions, plus interest, liquidated damages, auditors' fees, attorneys' fees, costs and disbursements in this action pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

### AS AND FOR A THIRD CLAIM FOR RELIEF

27. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1 through 26" of this Complaint as if set forth at length herein.

28. Pursuant to ERISA and the C.B.A., the Employer is required to timely submit current benefit contributions and reports to Plaintiffs.

29. During the course of the instant action, additional contributions may become due and owing. If Defendant fails to pay the contributions, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against defendant Premier Metal & Marble, Inc., as follows:

On the First and Second Claims for Relief:

    (a) In the minimum sum of $6,532.91 for unpaid contributions to the Fund for work performed for the period January 1, 2013 through to and including December 31, 2015 plus interest from the date of the delinquency and liquidated damages of the principal amount due as set forth in the C.B.A and Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132 (g)(2)(D).

    (b) Attorneys' fees, auditors' fees, court costs and disbursements as set forth in the C.B.A. and as mandated by Section 502(g)(2)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D) and the C.B.A.;

On the Third Claim for Relief:

    (c) Damages in the amount of any additional contributions and/or delinquency charges, which may become due and owing during the course of the instant action which amount shall include the principal plus interest and liquidated damages.

On All Claims for Relief:

    (e) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
       December 6, 2016

                        Respectfully submitted,
                        BARNES, IACCARINO, & SHEPHERD LLP

                        Lauren M. Kugielska, Esq.
                        Attorneys for Plaintiffs
                        258 Saw Mill River Road
                        Elmsford, New York 10523
                        (914) 592-1515